FILED
VANESSA L. ARMSTRONG

AUG 17 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

INDICTMENT

v.

PABEL ANGUELA-VAZQUEZ
ANDRES TOMAS ALVAREZ HERNANDEZ

NO. 3:16-CR-98-DJH

18 U.S.C. § 2
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
28 U.S.C. § 2461

The Grand Jury charges:

COUNTS 1-6
(Wire Fraud)

1. From on or about May 2015, to on or about April 2016, **PABEL ANGUELA- VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ,** the defendants, devised and intended to devise a scheme to defraud banks, credit and debit card companies, and individuals, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

MANNER AND MEANS

2. It was part of the scheme that the skimming devices were installed inside the gas pumps by **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ** and others, known and unknown to the grand jury, at local gas stations to illegally collect credit and debit card information.

3. It was part of the scheme that the skimming devices would be and were collected by **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ** and

others, known and unknown to the grand jury, from inside the gas pumps where they were installed.

4. It was part of the scheme that the collected skimming devices, containing stolen credit and debit card information, could be accessed via computer.

5. It was part of the scheme that the stolen credit and debit card information could be transferred and re-encoded to other cards and used by **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ** and other individuals, known and unknown to the grand jury, to purchase merchandise and gift cards.

6. On or about each of the dates set forth below, in Jefferson County, in the Western District of Kentucky, and elsewhere, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, aided and abetted by others, known and unknown to the grand jury, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted, by means of wire communication in interstate commerce, the signals and sounds described below for each count, to wit: victim credit cards were processed through gas pumps that caused communications from gas stations in Kentucky to processing centers in Texas, each transmission constituting a separate count:

| COUNT | DATE RANGE | DESCRIPTION |
| --- | --- | --- |
| 1 | 5/22/2015 to 6/12/2015 | Skimming device A, HWY US 42, Prospect, KY |
| 2 | 6/24/2015 to 6/25/2015 | Skimming device B, HWY US 42, Prospect, KY |
| 3 | 8/16/2015 to 8/18/2015 | Skimming device C, Galeen Drive, Louisville, KY |
| 4 | 10/6/2015 to 10/7/2015 | Skimming device D, Shelbyville Road, Louisville, KY |
| 5 | 10/6/2015 to 10/7/2015 | Skimming device E, Shelbyville Road, Louisville, KY |
| 6 | 4/13/2016 to 4/14/2016 | Skimming device F, HWY US 42, Prospect, KY |

In violation of Title 18, United States Code, Sections 1343 and 2.

The Grand Jury further charges:

## COUNTS 7-14
### (Aggravated Identity Theft)
### (SKIMMER A)

7.   On or about a time unknown to the grand jury, but no later than June 12, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation, enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code Section, 1343, as charged in Count 1, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
| --- | --- |
| 7 | B.A. |
| 8 | M.B. |
| 9 | W.B. |
| 10 | G.B. |
| 11 | J.C. |
| 12 | A.C. |
| 13 | R.C. |
| 14 | J.V. |

In violation of Title 18, United States Code, Section 1028A(a)(1).

The Grand Jury further charges:

## COUNT 15-21
(Aggravated Identity Theft)
(SKIMMER B)

8. On or about and between June 24, 2015, to June 25, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ**, the defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation, enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1343, as charged in Count 2, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|---|---|
| 15 | N.B. |
| 16 | L.B. |
| 17 | G.C. |
| 18 | R.C. |
| 19 | M.C. |
| 20 | J.D. |
| 21 | S.E. |

In violation of Title 18, United States Code, Section 1028A(a)(1).


The Grand Jury further charges:

## COUNTS 22-27
(Aggravated Identity Theft)
(SKIMMER D)

4

9. On or about and between October 6, 2015, to October 7, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation, enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1343, as charged in Count 4, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|---|---|
| 22 | R.A. |
| 23 | G.B. |
| 24 | A.C. |
| 25 | J.H. |
| 26 | J.S. |
| 27 | R.Y. |

In violation of Title 18, United States Code, Section 1028A(a)(1).

The Grand Jury further charges:

COUNTS 28-34
(Aggravated Identity Theft)
(SKIMMER F)

10. On or about and between April 13, 2016, to April 14, 2016, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, did knowingly transfer, possess, and use,

without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation, enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1343, as charged in Count 6, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|-------|------|
| 28 | M.A. |
| 29 | B.A. |
| 30 | G.B. |
| 31 | W.B. |
| 32 | E.B. |
| 33 | B.B. |
| 34 | M.B. |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF FORFEITURE

11. If convicted of any violation of Title 18, United States Code, Sections 1343 or 1028A, as alleged in Counts 1 through 34 of this Indictment, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of the violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461.

A TRUE BILL.

*Laura L. Hall*

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:JDJ

UNITED STATES OF AMERICA v. **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**

## PENALTIES

Counts 1-6:   NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Counts 7-34:  2 yrs. consecutive/$250,000/both/NM 3 yrs. Supervised Release (each count)
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN 85

No. _____

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

THE UNITED STATES OF AMERICA

vs.

PABEL ANGUELA-VAZQUEZ

ANDRES TOMAS ALVAREZ HERNANDEZ

## INDICTMENT
Title 18 U.S.C. §§ 1343; 2; 1028A(a)(1):
**Wire Fraud; Aggravated Identity Theft.**

*A true bill*

_____

*Filed in open court this 17th day, of Aug*

_____ *Clerk*

*Bail, $*

FILED
VANESSA L. ARMSTRONG
AUG 17 2016
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY