UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF


v.                                                              CRIMINAL ACTION NO. CR 3:16-CR-98-DJH


PABEL ANGUELA-VAZQUEZ
ANDRES TOMAS ALVAREZ HERNANDEZ                                                  DEFENDANTS


**UNITED STATES PRETRIAL MEMORANDUM**
**ELECTRONICALLY FILED**

The United States, by counsel, Assistant United States Attorney, Joshua Judd, files its pretrial memorandum for the trial date currently set for December 12, 2016, in Louisville, Kentucky. The anticipated length of trial is three days. The United States Grand Jury issued an indictment on August 17, 2016, charging Wire Fraud and Aggravated Identity Theft for credit card skimming in Louisville, Kentucky.

A. <u>**STATUTES AND ELEMENTS OF THE OFFENSES**</u>

**<u>Wire Fraud</u>**
1. Defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature)
2. The defendant acted with the intent to defraud
3. The defendant, in advancing, furthering, or carrying out the scheme, (name) transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Penalty:  20 years, $250,000, NM 3 yrs SR.

**Aggravated Identity Theft (18 U.S.C. § 1028A )**
1. Knowingly transferred, possessed, or used
2. Without lawful authority
3. Means of identification of another person
4. During and in relation to a felony enumerated in § 1028A(c) or § 2332b(g)(5)(B).  This includes mail, bank, and wire fraud.  It says it includes any crime related to fraud and false statements which should include 18 U.S.C. 1029 and 1028 (except 1028(a)(7)).

The government must prove that the defendant knew the particular numbers (or identifiers) belonged to another individual.

"Means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any -
   (A) name, social security number, date of birth, official State or government
   issued driver's license or identification number, alien registration number,
   government passport number, employer or taxpayer identification number;
   (B) unique biometric data, such as fingerprint, voice print, retina or iris image,
   or other unique physical representation;
   (C) unique electronic identification number, address, or routing code; or
   (D) telecommunication identifying information or *access device*.

"*Access device*" means any card, plate, code, account number, electronic serial number, mobile identification number, ***personal identification number*** or other telecommunications service, equipment, or instrument identifier, ***or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds*** (other than a transfer originated solely by paper instrument).

"Without lawful authority" means without a form of authorization recognized by law.

Penalty:  2 years consecutive

B. **STATEMENT OF FACTS**

Defendants Pabel Anguela-Vazquez and Andres Tomas Alvarez Hernandez installed and assisted each other in the installation of at least six credit card skimming device at a gas station located in Louisville, Kentucky.  The devices are designed to intercept credit and debit cards when purchasing gas at the pump.

Defendants Anguela-Vazquez and Hernandez work as a team to install and retrieve skimming devices inside gas pumps.  In each instance the FBI recovered the skimming devices and used store surveillance video and FBI surveillance video to identify the defendants at the

2

location of the skimming devices. In some instances, Hernandez provided a distraction by standing in front or behind of the door to a vehicle to obscure the view while Anguela-Vazquez accessed the inside of the pump to retrieve the skimming device. In some instances, such as Skimmer B and Skimmer F, Anguela-Vazquez is captured on surveillance video inside a gas pump trying to locate his skimming device that had already been taken by the FBI. The 6 recovered devices collected approximately 186 credit card numbers and names of individuals. By so doing, Hernandez and Anguela-Vazquez committed aggravated identity theft.

The FBI retrieved the devices. Anguela-Vazquez and Hernandez installed and assisted in the installation of the following devices on the following dates:

```
5/22/2015 to 6/12/2015   Skimming device A, HWY US 42, Prospect, KY
6/24/2015 to 6/25/2015   Skimming device B, HWY US 42, Prospect, KY
8/16/2015 to 8/18/2015   Skimming device C, Galeen Drive, Louisville, KY
10/6/2015 to 10/7/2015   Skimming device D, Shelbyville Road, Louisville, KY
10/6/2015 to 10/7/2015   Skimming device E, Shelbyville Road, Louisville, KY
4/13/2016 to 4/14/2015   Skimming device F, HWY US 42, Prospect, KY
```

Skimmer A: On May 22, 2015 the FBI recovered Skimmer A form a gas station located on HWY 42. A clerk at the station recovered the device and gave it to the FBI. On June 12, 2015, about 9:30 p.m., surveillance video shows an Pabel Anguela-Vazquez get out of a silver Ford Edge registered to Andres Alvarez Hernandez. The skimmer was analyzed and had a pin number of 8563 and had approximately 92 credit card numbers and names.

Skimmer B: On June 25, 2015, FBI recovered Skimmer B from a gas station clerk. The FBI reviewed the surveillance footage from the store and identified a Black Escalade arrive and defendant Pabel Aguela-Vazquez exit the vehicle. The video shows Defendant Vazquez open pump number 4 at 10:08 p.m. on June 24, 2015. On June 28, surveillance video shows Defendant

Vazquez opening pump number 4 to look for his device that the FBI had already taken. The device had intercepted about 40 credit cards and names.

Skimmer C:  On August 18, 2016, FBI recovered Skimmer C from a gas station. Surveillance video shows a white van and two individuals believe to be defendants installing a skimming device on the pump. On August 20, 2016, FBI recovered the device. The device had no records on it.

Skimmer D and E:  On October 6, 2016, a white van pulls up to gas pumps 3 and 4 to install skimming devices in each pump around 9:15 p.m. The white van pulls up to pump 3 on video and seconds later it pulls up to pump 4. During that time, a woman enters the store both times. The FBI recovered a Skimmer D and E from pump 3 and 4. On October 8, 2016, Surveillance video from the store shows a white van arrive at the same pumps. On video you can see Defendants Anguela-Vazquez and Hernandez. You can also see door to pump open. They go to pump 4 and open doors to van to block view. Hernandez stands by the door so as to obstruct the view from inside the store. Hernandez was the passenger. Skimmer D had nine credit card numbers and names on it. Skimmer E did not capture any numbers.

Skimmer F:  On April 14, 2016, the FBI recovered Skimmer F from a gas station on HWY 42. Store surveillance video from earlier that same day shows Defendants Anguela-Vazquez and Hernandez installing Skimmer F around 8:32 p.m. On April 16, 2016, surveillance video shows both defendants arrive in a white van. Both defendants are easily identified on the video Anguela-Vazquez attempts to retrieve the skimming device while Hernandez stands between Anguela-Vazquez and store. Both men enter the vehicle and leave the area. Skimmer F had 63 credit cards and names on it.

A. **SUBSTANTIVE ISSUES OF LAW AND EVIDENTIARY ISSUES**

None at this time.

B. **POTENTIAL TRIAL PROBLEMS**

None anticipated at this time.

C. **PROPOSED JURY INSTRUCTIONS**

## WIRE FRAUD (18 U.S.C. § 1343)

Count 1 through 6 of the indictment charges the defendant with wire fraud. For you to find the defendant guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly participated in, devised, intended to devise a scheme to defraud banks, credit and debit card companies, and individuals, to obtain money and property;

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to defraud; and

Fourth, that the defendant used wire communications or caused another to use wire communications in interstate commerce in furtherance of the scheme.

Now I will give you more detailed instructions on some of these terms.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either

known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

Authority:  6TH CIRCUIT JURY INSTRUCTIONS 10.02

## AGGRAVATED IDENTITY THEFT (18 U.S.C. § 1028A)

Title 18, United States Code, Section 1028A makes it a crime to transfer, possess, or use a means of identification during and in relation to certain other crimes such as wire fraud. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

First, that the defendant transferred, possessed, or used,

Second, without lawful authority;

Third, a means of identification of another person;

Fourth, that the defendant did so during and in relation to Wire Fraud as alleged in Counts 1 through 5; and

Fifth, that the defendant did so knowingly.

The government must prove that the defendant knew the particular numbers (or identifiers) belonged to another individual.

"Means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any -

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device.

"Access device" means any card, plate, code, account number, electronic serial

number, mobile identification number, personal identification number or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

"Without lawful authority" means without a form of authorization recognized by law.

**Authority:**  Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § 1028A (Emily Deck Harrill, ed., 2015 Online Edition).

### D. PROPOSED VOIR DIRE

1. This case was investigated by the FBI.  Has anyone had any contact, one way or another, good or bad, with this or any other law enforcement agency?  Has anyone had their credit card stolen that they know of?

2. There will be local law enforcement and federal agents testifying in this case. Has anyone had a really good or bad experience with the United States Attorney's office, a police officer, or federal agent-even something like getting a traffic ticket you did not think you deserved-that you think would affect your ability to listen to their testimony and give it the same weight as any other witness?

3. Has anyone served in law enforcement in their community or elsewhere?  Family members?

4. Have any of you ever been the victim of crime, or do you have a friend or family member who has been the victim crime?  Has anyone had an elderly loved one be the victim of theft by a domestic worker or senior health care provider?

5. You will likely hear testimony from several witnesses who government employees. Can you fairly evaluate the credibility of government witnesses by considering all available evidence in determining if those witnesses are truthful in their testimony?

6. At the end of the case the Court will instruct you on the elements of each offense. Those are the facts that the government must prove to you beyond a reasonable doubt. That is their burden. Will any of you hold the government to a different burden based on your expectations or require the government to prove to you something that is not in the instructions. In other words, can you convict someone if the government has proven all the elements of the crime, but has not proven something else that you may be wondering about?

7. Do all of you understand that you must set aside any personal feelings you may have about what the law ought to be if they conflict with the law contained in the Court's instructions? Is there anyone who thinks that they will not be able to follow the law that the Court gives you in the instructions?

8. Are any of you employed by a law enforcement agency, or do you have friends or family members employed by law enforcement agencies?

9. Have you or a close friend or family member ever been arrested or charged with a crime?

10. Have you or a close friend or family member ever testified for a defendant in a criminal trial?

11. Have you or a close friend or family member ever served time in a jail or prison?

12. Have any of you ever served on a jury before?

13. If you have served on a jury before, was it a civil or criminal case?

14. If you have served on a criminal jury before, did you deliberate and reach a verdict in the case?

15. If you did deliberate and reach a verdict, what was the verdict in the case?

16. If you served on either a criminal or civil jury before, did you serve as the foreperson?

17. If you served on either a criminal or civil jury before, is there anything about that experience that would prevent you from listening to the evidence in this case and bringing back a verdict based only on the evidence?

18. Do you understand that in federal court, the punishment a defendant receives, if any, is to be imposed by the Court and your verdict must in no way be affected by your concern for what punishment would be proper?

19. Do you understand that the duty of the Government is to prove guilt to the exclusion of a reasonable doubt, but the government is not required to prove guilt beyond all possible doubt?

20. Do you understand that a defendant on trial is entitled to a presumption of innocence however, as with all presumptions, it may be overcome by competent evidence?

21. Do you understand the law makes no difference between direct and circumstantial evidence and the weight to be given to it; that the burden is one of proof beyond reasonable doubt. Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you conclude that it was raining.

22. Are there any of you who, because of religious, philosophical, or any other reason, do not feel you could sit in judgment of these facts and vote to return a verdict of guilty regardless of the proof in this case?

23.     Are there any of you who have difficulty hearing, seeing, or sitting for long periods of time?

24.     Are there any of you that have events in your life presently that would distract you or divert your attention from the testimony and evidence of this case?

                                      Respectfully submitted,

                                      JOHN E. KUHN, JR.
                                    United States Attorney

                                     s/Joshua Judd
                                    Joshua Judd
                                    Assistant U.S. Attorney
                                    717 West Broadway
                                    Louisville, Kentucky  40202
                                    PH:  (502) 582-5911

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:  Patrick Renn, counsel for defendant Hernandez, and William Butler, Jr., counsel for Anguela-Vazquez.

                                     s/Joshua Judd
                                     Joshua Judd
                                     Assistant U.S. Attorney