UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                             CRIMINAL ACTION NO. 3:16-CR-98-DJH

ANDRES TOMAS ALVAREZ HERNANDEZ                                    DEFENDANT

**MOTION AND MEMORANDUM TO DISMISS AGGRAVATED
IDENTITY THEFT COUNTS FROM THE INDICTMENT**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, **ANDRES TOMAS ALVAREZ HERNANDEZ** (hereinafter "Hernandez"), by counsel, and respectfully moves the Court to dismiss each count of the Indictment charging him with aggravated identity theft, specifically, counts seven through fourteen; counts twenty-two through twenty-seven; and counts twenty-eight through thirty-four, respectively, on grounds that the facts alleged do not constitute an offense under Title 18, United States Code, Section 1028A (aggravated identity theft). In support of this motion, Hernandez states as follows:

Hernandez was named in the above Indictment and accused of: wire fraud, counts one through six, in violation of 18 U.S.C. §1343 and 2; aggravated identity theft, counts seven through fourteen, in violation of 18 U.S.C. §1028A(a)(1); aggravated identity theft, counts twenty-two through twenty-seven, in violation of 18 U.S.C. §1028A(a)(1); and aggravated identity theft, counts twenty-eight through thirty-four, in violation of 18 U.S.C. §1028A(a)(1). The Indictment alleges, and the discovery provided by the Government claims Hernandez, and co-defendant, Pabel Anguela-Vasquez, committed the wire fraud and aggravated identity thefts by placing skimming devices inside gas pumps at local gas stations

to illegally collect credit card and debit card information. The Government alleges that part of the scheme to defraud was that the skimming devices would collect credit and debit card information that "could" be transferred, and used to re-encode other cards, and used by Hernandez and Anguela-Vasquez "and other individuals," known and unknown to the grand jury, to purchase merchandise and gift cards. However, Hernandez learned from the Government, and the discovery produced, that the alleged scheme was not successful. Neither Hernandez nor Anguela-Vasquez, nor any other alleged participant, ever obtained credit and debit card information from the scheme because the skimmers placed on the gas pumps were recovered by agents of the local gas stations, and/or law enforcement officers, *before* any such information had been "transfer[red], possess[ed], and use[d]."

In order for an individual to violate the aggravated identity theft statute, Title 28, United States Code, Section 1343, as charged in the Indictment, the individual must "knowingly transfer, possess, and use, without lawful authority, a means of identification of another person,...." The Government's proof, considered in a light most favorable to the Government, fails to establish that Hernandez did knowingly transfer, possess and use, without lawful authority, the means of identification of any other person. Accordingly, the aggravated identity theft counts of the Indictment should be dismissed.

A motion to dismiss based on a claim that the indictment fails to state an offense may be raised "at any time while the case is pending." Fed.R.Crim.P. 12(b)(3)(B). Where the indictment fails to state an offense because the specific facts alleged fall beyond the scope of the relevant criminal statute, then the offending counts should be dismissed. *United States v. Hediathy*, 392 F.3d 580, 587 (3rd Cir. 2004).

Accordingly, because the Government's proof in this case fails to state an offense under the federal aggravated identity theft statute, each of the counts alleging aggravated identity theft against Hernandez should be dismissed.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2017, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
prenn@600westmain.com