**FILED**
VANESSA L. ARMSTRONG, CLERK

JUN 21 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**PABEL ANGUELA-VAZQUEZ**
**ANDRES TOMAS ALVAREZ HERNANDEZ**

SUPERSEDING INDICTMENT

NO. 316-CR-98-DJH

18 U.S.C. § 2
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1343
18 U.S.C. § 1344
18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
28 U.S.C. § 2461

The Grand Jury charges:

COUNT 1
(Conspiracy to Mail and Bank Fraud)

1. From in or about June 2015 to in or about April 2016, **PABEL ANGUELA- VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ,** the defendants, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to (a) devise and execute a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to cause the interstate transmission of writings, signs, signals, and sounds for the purpose of executing that scheme, in violation of Title 18, United States Code, Section 1343, and (b) devise and execute a scheme and artifice to defraud financial institutions, and to obtain money and other property owned by and under the custody and control of a financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

## COUNTS 2-9
(Wire Fraud)

2. From on or about June 2015, to on or about April 2016, **PABEL ANGUELA- VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ,** the defendants, devised and intended to devise a scheme to defraud banks, credit and debit card companies, and individuals, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

3. It was part of the scheme that the skimming devices were installed inside the gas pumps by **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ** and others known and unknown to the grand jury at local gas stations to illegally collect credit and debit card information.

4. It was part of the scheme that **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ** and others known and unknown to the grand jury retrieved and attempted to retrieve skimming devices from inside the gas pumps where they were installed.

5. It was part of the scheme that the collected skimming devices containing stolen credit and debit card information could be accessed via computer.

6. It was part of the scheme that the stolen credit and debit card information could be transferred and re-encoded to other cards and used by **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ** and other individuals known and unknown to the grand jury to purchase merchandise, prepaid credit cards, and gift cards.

7. It was part of the scheme that on or about October 1, 2015, **PABEL ANGUELA-VAZQUEZ** used S.W.'s credit/debit card information without authorization to make purchases at Kroger located at 4211 South 3rd Street, Louisville, Kentucky, for $103.76 and $101.16.

8. It was part of the scheme that on or about October 25, 2015, **ANDRES TOMAS ALVAREZ HERNANDEZ** used A.L.'s credit/debit card information without authorization to make a purchase of a prepaid MasterCard credit card at Meijer in Jeffersonville, Indiana, for $206.95. **ANDRES TOMAS ALVAREZ HERNANDEZ** conducted five credit card transactions using five different credit cards, and purchased five prepaid MasterCard credit cards at Meijer on October 25, 2015.

9. On or about each of the dates set forth below, in Jefferson County, in the Western District of Kentucky, and elsewhere, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, aided and abetted by others, known and unknown to the grand jury, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds originating or traveling through or received in Kentucky from or to transaction processing centers located outside of Kentucky, each transmission constituting a separate count:

| COUNT | DATE RANGE | DESCRIPTION |
| --- | --- | --- |
| 2 | 6/12/2015 to 6/13/2015 | Skimming device A, HWY US 42, Prospect, KY |
| 3 | 6/24/2015 to 6/28/2015 | Skimming device B, HWY US 42, Prospect, KY |
| 4 | 10/1/2015 | **PABEL ANGUELA-VAZQUEZ** used S.W.'s First Light Federal Credit Union credit/debit card information without authorization to make purchases at Kroger located at 4211 South 3rd Street, Louisville, Kentucky, for $103.76 |
| 5 | 10/1/2015 | **PABEL ANGUELA-VAZQUEZ** used S.W.'s First Light Federal Credit Union credit/debit card information without |

|   |   |   |
|---|---|---|
|   |   | authorization to make purchases at Kroger located at 4211 South 3rd Street, Louisville, Kentucky, for $101.16 |
| 6 | 10/6/2015 to 10/8/2015 | Skimming device D, Shelbyville Road, Louisville, KY |
| 7 | 10/6/2015 to 10/8/2015 | Skimming device E, Shelbyville Road, Louisville, KY |
| 8 | 10/25/2015 | **ANDRES TOMAS ALVAREZ HERNANDEZ** used A.L.'s L&N Federal Credit Union credit/debit card information without authorization to make a purchase of a prepaid MasterCard credit card at Meijer in Jeffersonville, Indiana, for $206.95 |
| 9 | 4/13/2016 to 4/16/2016 | Skimming device F, HWY US 42, Prospect, KY |

In violation of Title 18, United States Code, Sections 1343 and 2.

The Grand Jury further charges:

COUNTS 10-17
(Aggravated Identity Theft)
(SKIMMER A)

10. On or about a time unknown to the grand jury, but no later than June 12, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendant, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code Sections, 1349 and 1343, as charged in Counts 1 and 2, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|---|---|
| 10 | B.A. |
| 11 | M.B. |

| COUNT | NAME |
|-------|------|
| 12 | W.B. |
| 13 | G.B. |
| 14 | J.C. |
| 15 | A.C. |
| 16 | R.C. |
| 17 | J.V. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

The Grand Jury further charges:

## COUNT 18-24
(Aggravated Identity Theft)
(SKIMMER B)

11. On or about and between June 24, 2015, to June 28, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ**, the defendant, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1349 and 1343, as charged in Counts 1 and 3, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|-------|------|
| 18 | N.B. |
| 19 | L.B. |
| 20 | G.C. |

5

| COUNT | NAME |
|-------|------|
| 21 | R.C. |
| 22 | M.C. |
| 23 | J.D. |
| 24 | S.E. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

The Grand Jury further charges:

COUNT 25-26
(Aggravated Identity Theft)

12. On or about and between October 1, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ**, the defendant, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1349 and 1343, as charged in Counts 1, 4 and 5, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|-------|------|
| 25 | S.W. |
| 26 | S.W. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

The Grand Jury further charges:

COUNTS 27-32
(Aggravated Identity Theft)
(SKIMMER D)

13. On or about and between October 6, 2015 to October 8, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1349 and 1343, as charged in Counts 1 and 6, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
|-------|------|
| 27    | R.A. |
| 28    | G.B. |
| 29    | A.C. |
| 30    | J.H. |
| 31    | J.S. |
| 32    | R.Y. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNT 33
(Aggravated Identity Theft)

14. On or about and between October 1, 2015, in the Western District of Kentucky, Jefferson County, and elsewhere, **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendant, did knowingly transfer, possess, use, without lawful authority, a means of identification of another

person, names and credit and debit card numbers, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1349 and 1343, as charged in Counts 1 and 8, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
| --- | --- |
| 33 | A.L. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

The Grand Jury further charges:

COUNTS 34-40
(Aggravated Identity Theft)
(SKIMMER F)

15.     On or about and between April 13, 2016 to April 16, 2016, in the Western District of Kentucky, Jefferson County, and elsewhere, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, names and credit and debit card numbers, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code, Sections 1349 and 1343, as charged in Counts 1 and 9, knowing that the means of identification belonged to another actual person identified as follows:

| COUNT | NAME |
| --- | --- |
| 34 | M.A. |
| 35 | B.A. |
| 36 | G.B. |

| COUNT | NAME |
|-------|------|
| 37 | W.B. |
| 38 | E.B. |
| 39 | B.B. |
| 40 | M.B. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## NOTICE OF FORFEITURE

16. If convicted of any violation of Title 18, United States Code, Sections 1343 and 1028A, as alleged in Counts 1 through 40 of this Indictment, **PABEL ANGUELA-VAZQUEZ** and **ANDRES TOMAS ALVAREZ HERNANDEZ**, the defendants, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of the violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461.

A TRUE BILL.

FOREPERSON    Y

*[signature: Laura R Hall]*
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY
JEK:JDJ

UNITED STATES OF AMERICA v. **PABEL ANGUELA-VAZQUEZ and ANDRES TOMAS ALVAREZ HERNANDEZ**

## PENALTIES

Count 1:        NM 30 yrs./$1,000,000/both/NM 3yrs. Supervised Release.
Counts 2-9:     NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Counts 9-40:    2 yrs. Consecutive/$250,000/both/NM 3 yrs. Supervised Release (each count)
Forfeiture

## николаи N O T I C E

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   <u>For offenses occurring after December 12, 1987</u>:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## ESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.   3:16CR-98-DJH

# UNITED STATES DISTRICT COURT
Western   District   of   Kentucky
Louisville Division

### THE UNITED STATES OF AMERICA

vs.

PABEL ANGUELA-VAZQUEZ

ANDRES TOMAS ALVAREZ HERNANDEZ

## SUPERSEDING INDICTMENT
Title 18 U.S.C. §§ 1343; 2; 1028A(a)(1); 2:
Wire Fraud; Aggravated Identity Theft.

*A true*

_____  _____ *an*

*Filed in open court this 21ST day, of   June A.D. 2017.*

_____ *Clerk*

*Bail, $*

**FILED**
VANESSA L. ARMSTRONG, CLERK

JUN 21 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY